

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 27, 1939

Hon. H. F. Hellmuth
Assistant County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-321
Re: Is constable entitled to arrest
fee for transferring prisoner
from city jail to county jail?

We are in receipt of your letter of February
9th, wherein you propound the question given above. In
your letter you state the proposition involved as fol-
lows:

"The city officers of Waco arrest a per-
son and place him in the city jail. Thereafter
prior to the time a complaint has been filed or
warrant issued, the constable is called to
transfer such prisoner from the city jail to
the county jail. The question is whether the
constable is entitled to an arrest fee of $2.00
under these circumstances."

Article 1065 of the Code of Criminal Procedure,
1925, provides the fees to be allowed peace officers for
certain specified services rendered, to be taxed against
the defendant on conviction. We quote the section of the
statute applicable:

"1. For executing each warrant of arrest
or capias, or making arrest without warrant,
two dollars."

We think the practicable application of this
statute requires that it be construed in the light of
articles 883 and 884 of the Code of Criminal Procedure.
It is obvious the fee provided in article 1065, supra,
would be payable by the defendant only upon conviction.

Before conviction a trial must be held before a competent tribunal. In the justice court there would have to be a complaint conforming to the provisions of article 883, supra. Upon the filing of the complaint, regardless of the fact that the defendant might then be in actual custody, a warrant must issue. This is plainly provided in article 884, as follows:

> "When the requirements of the preceding article have been complied with, the justice shall issue a warrant for the arrest of the accused and deliver the same to the proper officer to be executed."

It is submitted, under the facts given by you, the fee of two dollars provided for in article 1065, supra, would be due and payable to the officer who makes the proper return upon the warrant showing he has executed it.

In this connection, we think it proper to direct your attention to article 239, Code of Criminal Procedure, reading as follows:

> "A person is said to be arrested when he has been actually placed under restraint or taken into custody by the officer or person executing the warrant of arrest."

Therefore, you are respectfully answered, if the officer who goes to the city jail and transfers the defendant to the county jail, follows up his work by executing the warrant when issued, he would be entitled to the two dollars, provided the defendant is tried, convicted, and pays his fine and costs. This, in the event the case is tried and finally disposed of in the justice court.

The same reasoning would apply in the event a "capias" is issued from the county court. See article 441, Code of Criminal Procedure.

Very truly yours

ATTORNEY GENERAL OF TEXAS

BW:AW
APPROVED:
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By
(Signed) Benjamin Woodall
Assistant